[No. 7786.]

TROWBRIDGE V. BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY.

COUNTY—*Not Liable for Office Expenses of Assistant District Attorney.* The act of 1907 (Laws 1907 c. 172) contemplates the maintenance of but one office of the district attorney, in each county of his district, and the district attorney himself, is authorized to contract, and recover from the county, the attendant necessary expenses. (108)

No statute imposes upon the assistant district attorney the duty to maintain an office, or makes the county liable for the expenses thereof. (108)

*Error to El Paso District Court.*—Hon. W. S. MORRIS, Judge.

Mr. HENRY TROWBRIDGE, *Pro se.*

Mr. CLARENCE M. HAWKINS, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Complaint was filed in the district court of El Paso County March 12, 1909. It alleges, in substance, that the plaintiff, Trowbridge, was during the times therein mentioned the duly appointed, qualified and acting assistant district attorney for the fourth judicial district, which includes the county of El Paso; that for the purpose of performing the duties of such office imposed by law, for the benefit of that county, he was obliged to, and did, keep and maintain therein an office and telephone; that he necessarily incurred expenses for office rent, lighting, telephone, etc., aggregating $513.33; that upon presentation of such claim duly verified to the defendant, The Board of County Commissioners of El Paso County, the same was disallowed; that no part of such claim and demand has been paid. To this complaint a general demurrer was sustained, plaintiff elected to stand by his cause as thus made, the complaint was thereupon dismissed and judgment was entered for the board of commissioners for costs. Plaintiff brings the case here for review.

The act of 1907, concerning expenses of district attorneys, is involved. Laws 1907, p. 371. Sections 1 and 2, respectively, read as follows:

"Except as otherwise specifically provided, the district attorney of each judicial district in the State of Colorado, and each of his assistants and deputies, shall be allowed to collect and receive from each of the counties in his district the expenses necessarily incurred in the discharge of his official duties for the benefit of such county.

Except as otherwise specifically provided, the district attorney of each judicial district in the State of

Colorado shall be entitled to collect and receive at the end of each year, of and from each of the respective counties in his judicial district the necessary expenses of maintaining an office for the transaction of his official business, which expenses shall be borne by the various counties in his judicial district, each in proportion to the fees earned by said district attorney in such county during such year.''

Section 2 specifically provides for proportional payment by each county in a judicial district of the necessary expense of maintenance of an office by the district attorney for the transaction of official business therein. The provisions of section 1 relate generally to expenses necessarily incurred by the district attorney, his assistant and deputies, in the discharge of official duties.

The complaint affirmatively shows that liability for the account sued upon was incurred in keeping an office where the official business of plaintiff, as an assistant district attorney, was transacted. The act contemplates the support of but one such office in each county, and the district attorney alone is thereby empowered to contract and recover the expenses necessarily attached to and attending it. This is the plain meaning of the statute. It would be unreasonable to hold that the act contemplates that the district attorney, his assistant and deputies may each maintain separate offices, as such officers, in each county of a judicial district, upon the claim that the expense is necessarily incurred in the performance of official duties imposed by law, and such would be the effect of conceding plaintiff's contention. There is no law requiring, and therefore no duty imposed upon, an assistant district attorney to have and keep an office in his official capacity, nor is there any provision which warrants him in doing so at the expense of the county on the ground that it is a necessary expense incurred in the performance of official duties. No case has been cited by plaintiff which is in point, or of the slightest assistance in construing the statute under consideration. We have no manner of doubt about the impropriety and

invalidity of plaintiff's claim. The demurrer to his complaint was properly sustained.

*Judgment affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.